T.C. Memo. 1998-284

UNITED STATES TAX COURT

STEVEN A. MONACO, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15291-97.                    Filed August 5, 1998.

Steven A. Monaco, pro se.

Jonathan J. Ono, for respondent.

MEMORANDUM OPINION

RUWE, Judge:  Respondent determined a deficiency of $20,785
in petitioner's 1994 Federal income tax plus additions to tax
pursuant to sections 6651[1] and 6654 in the respective amounts of
$5,196.25 and $1,070.98.  Respondent concedes that one of the

_____

[1]Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the year in issue, and
all Rule references are to the Tax Court Rules of Practice and
Procedure.

adjustments in the notice of deficiency overstated income that petitioner received from Crawford & Co. by $2,236. There is no disagreement regarding the remaining items which form the basis for respondent's deficiency determination, and petitioner does not argue that he is entitled to any deductions, credits, or other allowances in addition to those used by respondent.

The only issue raised by petitioner at trial and in his posttrial brief is his contention that the notice of deficiency was improper because it was not supported by a properly signed assessment. Thus, petitioner in his brief makes the following argument:

> Before any liability of any type can be created there must be an assessment. That assessment must be certified as a true and correct assessment by an assessment officer. The Petitioner questions how a NOTICE OF DEFICIENCY can state that this is "legal notice" when legal notice could only be legal if it was supported by a properly signed assessment. What officer, agent, employee or other person is authorized to issue a NOTICE OF DEFICIENCY without an assessment being signed and certified to by an Assessment Officer? According to IR Code section 6065, the NOTICE OF DEFICIENCY has been improperly signed. Where is the attested signature? The Petitioner desires to have the Assessment Officer or other individual who has certified to the correctness of this assessment be identified. If there is no assessment, then the petitioner would like to know who the person is that created and caused to be sent a bill for $20,785.00 The Petitioner would like to subpoena that person as a witness. At the present time, that person remains unidentified.

## Background

Petitioner resided in Kihei, Hawaii, at the time he filed the petition. During 1994, petitioner worked as a self-employed physical therapist and received nonemployee compensation in the amount of $41,201.23. Also during 1994, petitioner sold a parcel of real property for $28,000.

Petitioner did not file a timely 1994 Federal income tax return and has made no payments regarding his 1994 income tax liability. On October 16, 1995, petitioner sent a Form 1040NR, U.S. Nonresident Alien Income Tax Return, to respondent's service center in Philadelphia, Pennsylvania, which was received on October 20, 1995. Petitioner's Form 1040NR reported zeros on most lines, including those for income and tax. Petitioner altered the jurat and in the space for listing his occupation stated that he had no occupation within the United States.

On April 18, 1997, respondent mailed a notice of deficiency to petitioner regarding his 1994 income tax liability. Petitioner timely filed his petition with this Court on July 16, 1997. Respondent has made no assessment of tax regarding petitioner's 1994 Federal income tax.

In July 1997, petitioner mailed a Form 1040, U.S. Individual Income Tax Return, for the taxable year 1994 to respondent's service center in Fresno, California. Except for amounts representing a claimed standard deduction and personal exemption,

this Form 1040 contained only zeros. Attached to the Form 1040 was a statement by petitioner that contains what can be described as typical tax protester arguments that have been universally rejected by the courts. The position that petitioner now argues on brief was not included in those arguments.

## Discussion

Petitioner's argument that the notice of deficiency is improper because there has never been a proper assessment of tax regarding his Federal income tax for 1994 has no bearing on the outcome of these proceedings. It is true that there has been no assessment of petitioner's 1994 income tax. It follows that there is no record of such an assessment. The reason why there has been no assessment is that section 6213(a) prohibits the Commissioner from making an assessment of a deficiency in income tax until the expiration of 90 days from the day a notice of deficiency is mailed. That section goes on to provide that if a petition to this Court is filed within the aforementioned 90-day period, no assessment can be made until after the decision of this Court becomes final. Sec. 6213(a). Thus, the lack of an existing assessment is in accordance with the statutory provisions upon which our jurisdiction is based and raises no impediment to deciding this case on the facts presented. The facts presented clearly support respondent's deficiency determination as modified by the previously mentioned concession.

As to the addition to tax pursuant to section 6651(a) for failure to file a timely 1994 return, petitioner bears the burden of proving that it does not apply. Rule 142(a). The facts establish that petitioner did not file a 1994 return on or before April 17, 1995.[2] Petitioner mailed to respondent a Form 1040NR that was received by respondent on October 20, 1995. Even if we were to consider this a return, it was received over 5 months from the due date, and the maximum addition to tax under section 6651(a) of 5 percent per month, not to exceed 25 percent, would apply.

At trial, petitioner stated that he believed that he had filed a request for an extension of time in which to file his 1994 return. Petitioner failed to produce a copy of such a request. The records of the Internal Revenue Service indicate that no such request for extension was filed. On the basis of record, we find that no such request was filed. We therefore hold that petitioner is liable for the addition to tax under section 6651(a).

As to the addition to tax pursuant to section 6654 for failure to pay estimated income tax, petitioner bears the burden of proving that it does not apply. Rule 142(a). Petitioner offered no evidence or argument on this issue. Therefore, we

---

[2]Apr. 15, 1995, fell on a Saturday; therefore, petitioner had until Monday, Apr. 17, 1995, to file a timely 1994 return. See sec. 7503.

hold that petitioner is liable for the addition to tax under section 6654.

Decision will be entered under Rule 155.